IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL HUBBARD,

        Plaintiff,                  No. CIV S-11-1568 JAM GGH P

    vs.

HOUGLAND, et. al.,

        Defendants.        ORDER

_____/

        Plaintiff has filed a request for reconsideration of the district court's order filed March 29, 2012.

Standards For Motions To Reconsider

        Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly

erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, plaintiff brings claims of deliberate indifference to medical needs against many prison officials. Several defendants were served with the complaint and three defendants were dismissed from this action. Doc. 9. Plaintiff seeks reconsideration of the order dismissing the three defendants and attempts to add new allegations. However, as stated before (Doc. 4), plaintiff has brought many actions against these defendants[1] for this incident, and plaintiff had the opportunity to raise new allegations in the objections to the Magistrate Judge's findings and recommendations, but did not. Plaintiff is not permitted unlimited opportunities to perfect his allegations.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order of March 29, 2012, is affirmed.

DATED: June 28, 2012

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE

---

[1] No. CIV S-09-0939 JAM GGH; No. CIV S-09-2092 GGH; No. CIV S-10-2696 LKK KJN.