IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL L. HUBBARD,

               Plaintiff,                No. 2:11-cv-1568 JAM AC P

     vs.

HOUGLAND, et al.,

               Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's January 22, 2013 motion to compel.  Also pending is plaintiff's February 22, 2013 "motion for judgment in default of defense."

RELEVANT BACKGROUND

        Plaintiff initiated this action on June 10, 2011 and is proceeding on an Eighth Amendment claim against defendants Smith, Clark, Goulding, and Thompson.[1]

        On July 10, 2012, a discovery and scheduling order issued.  ECF No. 32.  The

---

      [1]  Defendants Hougland, Flemming and Lewis were dismissed by order dated March 29, 2012.  ECF No. 19.

1

1  paragraph setting the discovery deadline is reproduced here in its entirety: "The parties may

2  conduct discovery until November 2, 2012. Any motions necessary to compel discovery shall be

3  filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be

4  served not later than sixty days prior to that date."

5          On November 29, 2012, a modified discovery and scheduling order issued.  ECF

6  No. 45.  The paragraph modifying the discovery deadline is reproduced here in its entirety: "The

7  discovery deadline, currently expired, is hereby continued to January 25, 2013.  Any motions

8  necessary to compel discovery shall be filed by that date."  Id.  Because the order was issued 57

9  days before the discovery deadline, the court did not include the language from the previous

10  scheduling order that discovery requests be served at least sixty days prior to the discovery

11  deadline.

12          On December 7, 2012, plaintiff served his discovery requests on defendants.

13  Plaintiff does not identify what discovery he propounded.

14          When plaintiff failed to receive a response from defendants to the discovery

15  requests, he mailed them a letter for meet and confer purposes.  Not receiving a response to that

16  letter, plaintiff filed the instant motion on January 22, 2013.

17          On February 7, 2013, the court directed defendants to file a response to plaintiff's

18  motion within seven days from the date of the order.  Defendants filed their tardy opposition to

19  plaintiff's motion on February 22, 2013, well over the seven-day period directed by the court and

20  over the 21-day period directed by Local Rule.  See Local Rule 230(*l*).

21          On February 22, 2013, plaintiff filed a motion for default judgment.

22                                          DISCUSSION

23  A.      Motion to Compel

24          In his motion to compel, plaintiff seeks an order directing the defendants to

25  respond to all of his discovery requests submitted on December 7, 2012.

26          In their opposition, defendants contend that they did not receive plaintiff's

                                              2

1  December 7, 2012 discovery requests until December 21, 2012.  They ask the court to deny

2  plaintiff's motion due to counsel's error – that is, counsel's mistaken impression that the

3  language in the court's July 10, 2012 order requiring the parties to serve discovery requests at

4  least 60 days before the discovery deadline rendered plaintiff's December 7, 2012 discovery

5  requests untimely because they were filed less than 60 days before the new January 25, 2013

6  discovery deadline.  Defendants also argue that the motion to compel should be denied because

7  the January 25, 2013 modified discovery deadline has expired and, "based on the prior order, all

8  discovery requests were required to be submitted by November 26, 2012, before the Court

9  extended the discovery deadline."  Defs.' Opp'n at 2.

10         Turning first to defendants' argument that plaintiff's motion to compel should be

11  denied because the discovery deadline has expired, the court observes that the motion to compel

12  was filed *before* the expiration of the discovery deadline, and the court's operative November 29,

13  2012 modified discovery and scheduling order provides that "Any motions necessary to compel

14  discovery shall be filed *by* [the discovery deadline]."  (Emphasis added.)

15         As to defendants' argument that the court's prior order directed discovery

16  requests to be submitted by November 26, 2012, this argument is replete with errors.  First,

17  defendants continue to rely on dates in a scheduling order that was explicitly modified by a

18  subsequent order.  Second, the first order that defendants continue to rely on listed November 2,

19  2012 as the discovery deadline, not November 26, 2012.  And lastly, plaintiff was not at fault for

20  relying on the new discovery deadline.

21         Finally, the court turns to defendants' argument based on counsel's error.  As

22  defendants now recognize, the 60-day service requirement introduced in the July 10, 2012

23  discovery and scheduling order did not carry over into the modified discovery and scheduling

24  order because (1) it was in fact excluded from the operative November 29, 2012 modified

25  discovery and scheduling order, and (2) a 60-day service requirement would have rendered *all*

26  discovery requests propounded after the November 29, 2012 modified discovery and scheduling

3

order untimely because that order was issued only 57 days before the new January 25, 2013

discovery deadline.  Therefore, counsel's understanding of the modified scheduling order was

indeed erroneous.  The proper course of action would have been for defendants to submit

objections to plaintiff's discovery requests or to file a request for clarification with the court.

Defendants did neither.  Instead, plaintiff's requests "were placed in [a] file as untimely, and

were not answered."  Defs.' Opp'n at 2.  Ignoring the requests was, of course, improper and

waives any objections the defendants may have to the requests.  See Alexander v. Certegy Check

Servs., Inc., 2006 WL 1515841 (M.D. Ala. May 30, 2006); see also Ramirez v. County of Los

Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("If a party fails to file timely objections to

[discovery] requests, such a failure constitutes a waiver of any objections which a party might

have to the requests."); Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) (same);

Third Party Verification, Inc. v. SignatureLink, Inc., 2007 WL 1288361 (M.D. Fla. May 2, 2007)

(same).  However, courts are not unanimous on whether the failure to timely respond waives

privilege objections.  See Senat v. City of New York, 255 F.R.D. 338, 339 (E.D.N.Y. 2009).

     For these reasons, plaintiff's motion to compel will be granted.

B.   Motion for Default Judgment

     In his "motion for judgment in default of defense," plaintiff asks the court to enter

judgment in his favor for $200,000 due to the defendants' failure to file a timely opposition to

his motion to compel.  The court declines to enter judgment for plaintiff on this ground.

     Accordingly, IT IS HEREBY ORDERED that:

     1.  Plaintiff's motion to compel is granted.  Defendants shall submit responses to

plaintiff's discovery requests within thirty days from the date of this order; and

////
////
////
////

4

1          2.  Plaintiff's motion for judgment in default of defense is denied.

2   DATED: March 13, 2013.

3

4                                           ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE
5

6   /mb;hubb1568.mtc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5