UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. HUBBARD,<br><br>  Plaintiff,<br><br>  v.<br><br>A. THOMPSON, et al.,<br><br>  Defendants. | No. 2:11-cv-1568 JAM AC P<br><br>ORDER AND SECOND MODIFIED<br> SCHEDULING ORDER |

Pending before the court is plaintiff's motion to compel discovery. ECF No. 54. Also pending is defendants' motion to dismiss or, in the alternative, motion for summary judgment. For the reasons set forth below, both motions will be denied without prejudice.

RELEVANT BACKGROUND

A.   General Background

This action is proceeding on plaintiff's original complaint, filed June 10, 2011, against defendants S. Clark, L. Goulding, J. Smith, and A. Thompson. See ECF Nos. 1, 11. After these four defendants filed an answer to the complaint on July 3, 2012, a discovery and scheduling order issued. See ECF Nos. 31-32. This scheduling order was later modified on November 29, 2012, setting January 25, 2013 as the discovery deadline and April 19, 2013 as the deadline for filing pretrial motions. ECF No. 45.

1

1    On May 3, 2013[1], defendants filed a motion to dismiss for failure to exhaust
2    administrative remedies or, in the alternative, a motion for summary judgment. ECF No. 57.
3    With this motion, defendants served on plaintiff a notice pursuant to Rand v. Rowland, 154 F.3d
4    952, 962-63 (9th Cir. 1998), regarding the requirements for opposing a motion for summary
5    judgment. Defendants did not, however, serve a notice pursuant to Wyatt v. Terhune, 315 F.3d
6    1108, 1119 (9th Cir. 2003), regarding the requirements for opposing a motion to dismiss for
7    failure to exhaust administrative remedies. Plaintiff has filed a motion for extension of time to
8    respond to this motion.

9    B.    Discovery Background

10   On January 22, 2013, plaintiff filed a motion to compel arguing that defendants
11   completely failed to respond to his discovery requests. In their untimely opposition to plaintiff's
12   motion[2], defendants admitted that they did not respond to plaintiff's discovery requests because
13   of counsel's mistaken reading of the court's modified scheduling order. The undersigned rejected
14   defendants' arguments, granted plaintiff's motion to compel, and directed defendants to respond
15   to the discovery requests on or before April 13, 2013. See ECF No. 51. Defendants were also
16   deemed to have waived any objections to plaintiff's discovery requests but for potential privilege
17   objections.

18   On April 25, 2013, plaintiff filed the instant motion to compel arguing that defendants
19   filed improper objections to his discovery requests. Defendants again failed to respond to this
20   motion, necessitating an order to show cause why sanctions should not be imposed for their
21   failure to file a timely opposition. ECF No. 61. Defendants eventually filed a response to the
22   court's order on June 6, 2013, again blaming counsel's error. ECF No. 62.

23                                         DISCUSSION

24   A.    Defendants' Motion To Dismiss or, in the Alternative, Motion for Summary Judgment

25   For the reasons now explained, defendants' motion to dismiss for failure to exhaust

---

[1] Defendants requested and were granted leave to file their dispositive motion after the April 19, 2013 deadline. See ECF Nos. 52-53, 55-56.

[2] This opposition was both untimely under the court's Local Rules, see L.R. 230(*l*), and the court's order directing defendants to respond to the motion to compel, see ECF No. 47.

1 administrative remedies will be denied without prejudice.  On May 3, 2012, defendants filed a
2 motion to dismiss for failure to exhaust administrative remedies and, alternatively, a motion for
3 summary judgment.  While defendants served a Rand notice concurrently with the motion for
4 summary judgment, they have not served on plaintiff a concurrent notice as required under Wyatt
5 concerning the motion to dismiss for failure to exhaust.  Rand, 154 F.3d at 960 (requiring that the
6 notice state that the court has required that it be given and that it be set forth in a separate
7 document that is served with the moving papers); Wyatt, 315 F.3d at 1115, 1120 n.15 (requiring
8 notice for motions to dismiss for failure to exhaust so that plaintiff has "fair notice of his
9 opportunity to develop a record").  Defendants' failure to serve a Wyatt notice concurrently with
10 their motion to dismiss deprives plaintiff of adequate notice of what is required to oppose the
11 motion.  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012) ("The only satisfactory practice
12 to ensure that prisoners receive adequate notice pursuant to Rand and Wyatt is to provide such
13 notice at the time that the relevant motions are filed.").

14 Accordingly, defendants' May 3, 2013 motion to dismiss or, in the alternative, motion for
15 summary judgment is denied without prejudice to its renewal with concurrent notice pursuant to
16 both Rand and Wyatt.

17 B.    Plaintiff's Motion to Compel

18 Plaintiff's motion to compel is also subject to dismissal as substantively lacking.  In his
19 April 25, 2013 motion, plaintiff argues that defendants improperly objected to all of his discovery
20 requests.  While plaintiff makes an effort to summarize the dispute as to his discovery requests,
21 the motion is devoid of the actual language of his discovery requests and the defendants'
22 objections.

23 Generally, if the responding party objects to a discovery request, the party moving to
24 compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v.
25 Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Mitchell v. Felker, 2010 WL
26 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal.
27 Mar. 27, 2008).  This requires the moving party to inform the court which discovery requests are
28 the subject of the motion to compel, and, for each disputed response, why the information sought

3

1  is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL
2  113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).  Courts in
3  the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff
4  has the burden of informing the court (1) which discovery requests are the subject of his motion
5  to compel, (2) which of the defendant's responses are disputed, (3) why he believes the
6  defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5)
7  why the information he seeks through discovery is relevant to the prosecution of this action."
8  Walker v. Karelas, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); Brooks v. Alameida, 2009
9  WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

10  On review of plaintiff's motion, the court finds that it lacks the necessary information to
11  rule on the propriety of defendants' objections to plaintiff's discovery requests.  Accordingly, the
12  court finds that plaintiff has failed to meet his burden of demonstrating why the objections are not
13  justified.

14  C.     Sua Sponte Modification to Scheduling Order

15  In response to the court's order to show cause, defendants claim that they failed to
16  respond to plaintiff's motion due to the "inadvertent error of counsel" regarding the calendaring
17  of deadlines.  Defs.' Response to Order to Show Cause at 2.  This is now defendants' second
18  attempt to blame counsel's error for their failure to comply with deadlines in this case.  The
19  undersigned finds this conduct unacceptable and prejudicial to plaintiff.

20  The court is vested with broad discretion to manage discovery.  Hunt v. County of
21  Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406
22  F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  In line with
23  this authority, the undersigned will sua sponte modify the November 29, 2012 scheduling order.
24  The discovery deadline will be extended to August 15, 2013, and the dispositive motion deadline
25  will be continued to October 31, 2013.

26  Based on the foregoing, IT IS HEREBY ORDERED that:
27  1.  The May 29, 2013 order to show cause is vacated;
28  2.  Plaintiff's April 25, 2013 motion to compel (ECF No. 54) is denied without prejudice

to its renewal;

3. Defendants' May 3, 2013 motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 57) is denied without prejudice to its renewal;

4. Plaintiff's motion for extension of time (ECF No. 60) is denied as moot;

5. The discovery deadline, currently expired, is hereby continued to August 15, 2013. Any motions necessary to compel discovery shall be filed by that date;

6. All pretrial motions, except motions to compel discovery, shall be filed on or before October 31, 2013. Motions shall be briefed in accordance with paragraph 8 of this court's order filed April 9, 2012; and

7. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

DATED: June 27, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;hubb1569.mtc